IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIN SMITH AND THOMAS SMITH

        V.                      C.A. NO. 15-442

WARWICK SCHOOL DISTRICT, et al.

**MEMO/ORDER**

AND NOW, this 7th day of July, 2016, upon consideration of the defendants' motion to dismiss the amended complaint and all responses and replies thereto, it is hereby ORDERED that the motion [Doc. 27] is GRANTED in part and DENIED in part as follows:

The motion is GRANTED as to all plaintiffs' claims against the Warwick School District Board of Directors. The Warwick School District Board of Directors is not a political subdivision that exists independently from the Warwick School District itself. E.B. v. Woodland Hills School District, 2010 WL 2817201 (W.D. Pa. 2010); Glickstein v. Neshaminy School District, 1997 WL 660636 (E.D. Pa. 1997). Nor have plaintiffs named any individual members of the School Board as defendants. Id. Defendant Warwick School Board of Directors is therefore DISMISSED as a defendant in this case.

The motion is GRANTED as to wife-plaintiff's claim that she has a fundamental property interest in her employment as a special education teacher which defendants violated when they suspended her. Plaintiff's interest in her employment as a special education teacher for the Warwick School District is not a fundamental property interest entitled to substantive due process. Nicholas v. Pennsylvania State University, 227 F. 3d 133, 140 (3d Cir. 2000); Montanye

1

v. Wissahickon School District, 2003 WL 22096122 at *11 (E.D. Pa. August 11, 2003).

The motion is also GRANTED as to wife-plaintiff's claim that she has a liberty interest in her reputation. To make out a due process claim for deprivation of a liberty interest in reputation, "a plaintiff must show a stigma to [her] reputation plus deprivation of some right or interest." Hill v. Borough of Kutztown, 455 F. 3d 225, 236 (3d Cir. 2006)(citing Paul v. Davis, 424 U.S. 693, 701 (1976)). In the public employment context, the "stigma-plus" test has been applied to mean that when an employee creates and disseminates a false and defamatory impression about the employee in connection with his termination, it deprives the employee of a protected liberty interest. Hill, 455 F. 3d at 236. The creation and dissemination of a false and defamatory impression is the "stigma", and the termination is the "plus." Id.  Since plaintiff does not allege that she was terminated or constructively discharged, but instead that she was suspended for five days without pay, an allegation which the Court does not find "sufficiently weighty" to satisfy the "plus," she has failed to satisfy the "stigma-plus" test. Id.  Accordingly, her claim for deprivation of a liberty interest in her reputation fails.

The motion is also GRANTED to the extent wife-plaintiff asserts any claims for discrimination as wife-plaintiff has failed to identify any protected class to which she may belong under the circumstances of this case.

The motion is GRANTED as to plaintiff's claims for defamation, infliction of emotional distress and negligence against the individual defendants in their official capacities. However, since plaintiffs have named the individual defendants in their individual capacities in the caption of the second amended complaint, plaintiff shall have the opportunity to file a motion for leave to file a second amended complaint asserting in detail the same claims against the individual defendants in their individual capacities.

The motion is GRANTED as to plaintiff's claim for monetary damages under the Pennsylvania Constitution.

Plaintiff shall also have the opportunity to file a motion for leave to file a second amended complaint asserting a Monell claim against the Warwick School District for failure to properly train.

The motion is GRANTED as to all claims against the Warwick School District for vicarious liability contained in Count XI based on the federal causes of action brought under 42 U.S.C. § 1983. Plaintiff is given leave to file a motion to amend the amended complaint to assert a Monell claim.

The motion is GRANTED as to all claims for punitive damages against the Warwick School District as plaintiffs concede that punitive damages are not recoverable against governmental entities under 42 U.S.C. § 1983.

The motion to dismiss is DENIED with respect to all remaining claims, with leave to renew in the form of a motion for summary judgment.

Plaintiff has 20 days to file any amended pleadings.

BY THE COURT:

**/s/ Jeffrey L. Schmehl**
JEFFREY L. SCHMEHL, J.