IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIN SMITH, et al. | : CIVIL ACTION |
| | : |
| v. | : NO.  15-442 |
| | : |
| WARWICK SCHOOL DISTRICT BOARD | : |
| OF DIRECTORS, et al. | : |

### MEMORANDUM OPINION

SCHMEHL, J.     /s/ JLS                                         NOVEMBER  9, 2016

   By Memo/Order dated July 8, 2016, the Court granted in part and denied in part the defendants' motion to dismiss the amended complaint. (ECF 84.) As part of its Order, the Court granted the plaintiffs leave to file a second amended complaint to include, *inter alia*, a *Monell* claim under 42 U.S.C. § 1983 against defendant Warwick School District for failure to properly train. (Id.)  The Order also specifically stated that plaintiffs' counsel would have 20 days or until July 28, 2016 to file such an amendment. (Id.) By July 28, 2016, plaintiffs' counsel had not filed such an amendment. Indeed, during a conference call with the Court and defense counsel on July 28, 2016, plaintiffs' counsel specifically advised the Court that he was not going to file a *Monell* claim. Therefore, on August 5, 2016, plaintiffs filed a Second Amended Complaint which did not contain a *Monell* claim against the School District. (ECF 92.)

   By Order dated September 7, 2016, the Court ordered that all fact discovery was to be completed by September 23, 2016 and any dispositive motions were to be filed by no later than October 21, 2016. (ECF 100.) On October 19, 2016, just two days before the defendants' motion for summary judgment was due, plaintiffs filed a motion for leave to amend the second amended complaint to assert a *Monell* claim against the School District. (ECF 109.) Plaintiffs attribute the delay to "reasons unclear, but certainly the sole fault of Plaintiffs' counsel" for

1

failing to assert a *Monell* claim in the Second Amended Complaint. (ECF 109.) Plaintiffs also contend that they have discovered facts during defendant April Hershey's second deposition on September 21, 2016 which would support a *Monell* claim.

While "leave to amend shall be freely given when justice so requires," the Supreme Court has made it clear that district courts have discretion to deny such leave for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001); Fed. R. Civ. P. 15(a)(2).

Here, the Court finds that defendants will be prejudiced by a delay that was undue as plaintiffs' counsel was given every opportunity to add a *Monell* claim in a timely manner. On July 8, 2016**,** the Court permitted plaintiffs' counsel leave to assert a *Monell* claim within 20 days. Yet counsel chose not to assert such a claim, even directly informing the Court and defense counsel during a telephone conference call on the 20th day that he had no intention of asserting a *Monell* claim. Instead, plaintiffs' counsel waited until just two days before defendants' motion for summary judgment was due to seek to amend the second amended complaint to assert a *Monell* claim. Obviously, defense counsel will be prejudiced by such an amendment since counsel was preparing to file a motion for summary judgment on all the outstanding claims by the October 21, 2016 deadline. Although plaintiffs' counsel claims he learned additional facts from the second deposition of April Hershey on September 21, 2016 that may arguably support the filing of a *Monell* claim, plaintiff's counsel still waited almost one month before seeking leave to assert a *Monell* claim. Plaintiff's counsel is now too late. Accordingly, the plaintiffs' motion for leave to amend the second amended complaint is denied.